UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No.: 16 CR 306 |
| | ) Honorable Judge Harry Leinenweber |
| BENJAMIN B IANCOFIORI, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR
EARLY DISCLOSURE OF FAVORABLE EVIDENCE**

Defendant, **BENJAMIN BIANCOFIORI**, by and through his attorney, **PABLO DECASTRO**, pursuant to the Fifth and Sixth Amendments to the Constitution of the United States, and the principles enunciated in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763 (1972), *Agurs v. United States*, 427 U.S. 97, 96 S.Ct. 2392(1976), and *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375 (1986), respectfully moves this Court to require the government to disclose immediately any previously undisclosed evidence or information known to the government or in its possession, custody, or control, the existence of which is known or by the exercise of reasonable diligence may become known, that is favorable to the defendant and is material to the issues of Defendant's guilt, innocence, or sentencing, or which bears upon the credibility of a government witness. The information requested specifically includes, but is not limited to, the following:

1. The disclosure of current contact information for government witnesses, including "Victim 1," "Victim 2," "Victim 3," "Individual A," "Individual B," and, "Individual C." The full names, addresses, and phone numbers for these individuals have

been withheld in discovery so far. The defendant is respectful of the government's desire to protect this information, given the prior allegations of harassment by the defendant. Nevertheless, he should be allowed, through his attorney or professional investigator, to contact these witnesses in preparation for trial. Though a professional investigator should be able to locate most of these individuals, it would be unnecessarily cumbersome and costly, since the government could easily provide the information, and would do so in most other cases as a matter of routine.

2.  Any and all grants of immunity, favors, or promises made to any witness in connection with obtaining his or her testimony or assistance. This includes any plea agreement entered into between the government and the witness, as a result of which the witness is testifying against Defendant in this case, or on behalf of the government at any other trial, grand jury or other proceedings, or is otherwise furnishing information to the government. Also requested are any requests for authorization from the Department of Justice to apply for compulsion orders in which the government attorneys, in setting forth the basis for said request, referred to suspicions or allegations of the government, or its agencies, with respect to the involvement of the witness in the allegations set forth in the instant indictment.

3.  Any assistance, financial or otherwise, provided by the government or any agent of the government to any witness for any reason, including assistance with local or federal law enforcement agencies, or any other agency of federal, state, or local government.

4.  The criminal identification and history sheet of each potential government witness, including criminal history from other states within the United States Since it appears that the government agents in this case have been working in cooperation with local law enforcement officials in Illinois and other states, these records should be obtainable by the government through due diligence.

5. Any criminal charges pending against any potential government witness which have not been disposed of either by conviction or acquittal.

6. Any criminal activity in which a potential government witness has engaged which has not resulted in prosecution or conviction.

7. All mental, psychiatric, or drug abuse and dependency records of any individuals who are intended to be called as witnesses. In this particular case, the defendant is aware that certain government witnesses have histories of drug abuse and dependency that may bear upon their ability to accurately perceive events at the time, or to accurately remember them now. Defendant further believes that such records can be obtained by the government through the exercise of due diligence.

8. Any reports, memoranda, correspondence, transcripts, statements, or other records pertaining to government or law enforcement interviews of persons who claimed to have knowledge or information material to the case, whether made contemporaneously to the interviews or otherwise.

9. Any and all information regarding disciplinary action or court orders of sanction against any witness in this case resulting from that witness' involvement in investigating or testifying as a witness in other cases before this or any other court.

Defendant believes that this motion regarding favorable evidence, in its specificity, is necessitated by the Supreme Court's decisions in *Agurs, supra*, and *Bagley, supra*, in which the Court, in enunciating the standard of review to be applied in cases of non-disclosure of favorable evidence, distinguished between cases in which specific requests for such information were made prior to trial and cases where general requests or no requests were made.

In *Bagley*, the Court held that the test for materiality whether there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  Should the defendant in this case be convicted at trial after the non-disclosure of this evidence, "[t]he reviewing court should assess the possibility that [the preparation or presentation of the defendant's case may have been adversely affected] in light of the totality of the circumstances."  443 U.S. at 683.  The evidence requested here is central to the preparation of any reasonable defense. It is difficult to imagine how the preparation or presentation of the defendant's case could not be affected by the disclosure or non-disclosure of this evidence.

**WHEREFORE**, the defendant respectfully prays for the Court to enter an order directing the Government to furnish the requested information without delay.

Respectfully Submitted,

S/Pablo DeCastro/September 6, 2016
**PABLO DECASTRO, ARDC No.** 6224663
Attorney for the Defendant
111 W. Washington, Suite 1500
Chicago, IL 60602
312-690-2626
pdecastro@attorneydecastro.com; Email

## **CERTIFICATE OF SERVICE**

I, **PABLO DECASTRO,** deposes and states that I have served a copy of the Defendant's Motion for Immediate Disclosure of Favorable Evidence to Erika Csicsila, and Abigail Peluso, Assistant United States Attorneys, VIA ELECTRONICALLY FILING on this 6th day of September, 2016

S/Pablo DeCastro/September 6, 2016
**PABLO DECASTRO, ARDC No.** 6224663
Attorney for the Defendant
111 W. Washington, Suite 1500
Chicago, IL 60602
312-690-2626
pdecastro@attorneydecastro.com; Email