**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **BENJAMIN BIANCOFIORI, a/k/a "Beanz",** <br><br> Defendant. | Case No. 16 CR 306-1 <br><br> Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Defendant Benjamin Biancofiori ("Biancofiori") was indicted for sex trafficking and related obstruction of justice charges. Before the Court are two motions, Biancofiori's Motion to Dismiss Counts I-X of the Indictment [ECF No. 110], and Biancofiori's Motion for a Bill of Particulars [ECF No. 105]. For the reasons stated herein, both Motions are denied.

### I. FACTUAL BACKGROUND

Defendant Biancofiori is indicted in the Second Superseding Indictment for fifteen counts: ten counts of sex trafficking in violation of 18 U.S.C. § 1591(a) and/or (b)(1) (Counts I-X) and five counts of obstruction of justice in violation of 18 U.S.C. § 1591(d) (Counts XI-XV). (*See, generally,* ECF No. 62 (Apr. 20, 2017).) The crux of the allegations is that Biancofiori allegedly facilitated and financially benefited from a sex

trafficking venture involving nine different victims from 2007 to 2015, and later attempted to obstruct justice by preventing those victims from contacting or cooperating with law enforcement. *See, id.* Biancofiori now moves to dismiss Counts I through X of the indictment (the counts based on violations of the federal sex trafficking statute) on constitutional grounds (*see,* ECF No. 110) and additionally moves for a bill of particulars (*see,* ECF No. 105).

## II. **ANALYSIS**

### A. Biancofiori's Motion to Dismiss Counts I-X

Biancofiori argues that the Second Superseding Indictment against him should be dismissed because the Federal Sex Trafficking Statute, *see,* 18 U.S.C. § 1591, is vague, overbroad, and violates his right to freedom of intimate association. The Court addresses each argument in turn.

#### *1. The Federal Sex Trafficking Statute Is Not Unconstitutionally Vague*

Biancofiori argues that section 1591 is unconstitutionally vague for two reasons: First, the statute applies to a broad range of activities that are not themselves illegal; and second, the statute requires prospective knowledge regarding how a victim will be treated in the future. A criminal statute may be void for vagueness if it fails to provide "the kind of notice

that will enable ordinary people to understand what conduct it prohibits" or if "it may authorize and even encourage arbitrary and discriminatory enforcement." *Chicago v. Morales,* 527 U.S. 41, 56 (1999). A statute is not unconstitutionally vague if the "commonsense meaning" of its terms is clear. *United States v. Powell,* 423 U.S. 87, 93 (1975) ("[S]training to inject doubt as to the meaning of words where no doubt would be felt by the normal reader is not required by the 'void for vagueness' doctrine.").

The Trafficking Victims Protection Act of 2000 ("TVPA") was enacted "to deal with a social ill whose international as well as interstate dimensions have invited federal attention and action." *United States v. Todd,* 627 F.3d 329, 330 (9th Cir. 2010). "The statute focuses on those (usually men) who make money out of selling the sexual services of human beings (usually women) they control and treat as their profit-producing property." *Id.* at 330-31. Section 1591(a) provides:

(a) Whoever knowingly—

> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a

> venture which has engaged in an act described in violation of paragraph (1),

> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591. The commonsense meaning is clear. The statute prohibits a person from "knowingly" "recruit[ing], entic[ing], harbor[ing], transport[ing], provid[ing], obtain[ing], advertis[ing], maintain[ing], patronize[ing], or solicit[ing]" a person "to engage in a commercial sex act" using "means of force, threats of force, fraud, coercion . . . or any combination." *Id.* It also prohibits a person from benefiting financially or receiving anything of value from a venture involving those acts. *Id.* Nothing in the way this statute is worded makes it "impossible" for Biancofiori to "have conformed himself to the law as drafted." (Def.'s Mot. to Dismiss at 4, Aug. 29, 2017, ECF No. 110.)

Biancofiori argues that Section (a)(1) and the definition of "commercial sex" both include a broad range of legal activities, for example, stripping and lap dancing. The term "commercial sex act" is defined as "any sex act, on account of

which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). The fact that (a)(1) may apply to a broader range of activities does not make the statute infirm, because the requirement of force, coercion or fraud narrows the application of the statute where a minor is not involved. *See,* 18 U.S.C. § 1591; *cf. United States v. Carson,* 870 F.3d 584, 594 (7th Cir. 2017) (finding prior prostitution of victims irrelevant as to whether defendant used force or coercion in violation of section 1591). The force requirement prevents the statute from criminalizing legal activity, such as stripping or lap dancing, or criminalizing what Biancofiori terms "ordinary prostitution." (Def.'s Mot. to Dismiss at 5.) If Biancofiori did not use "force, threats of force, fraud, [or] coercion," he may raise that as a proper defense. 18 U.S.C. § 1591(a); *see, Todd,* 627 F.3d at 335 (Smith, J., concurring) ("Where a defendant engages in sex trafficking without the use of force, fraud, or coercion, or where children are not involved, his conduct is criminalized by a different set of statutes."). However, this defense is insufficient to render the statute unconstitutionally vague as its language provides notice to a reasonable person that it is illegal to force, threaten, trick, or coerce another person to engage in commercial sex acts or to

benefit financially from a venture based on those illegal activities.

Biancofiori also argues that the statute's use of the future tense renders the statute's meaning unclear because it "appears to require prospective knowledge of how 'any person' . . . will be treated." (Def.'s Mot. to Dismiss at 3.) Granting that no future knowledge can be certain, the "logical reading of the phrase 'knowing . . . the person . . . will be caused to engage in a commercial sex act' is that it describes the acts that the defendant intends to take"–such that when the defendant recruited the victim, he "[knew] his plan to prostitute her after the recruitment." *United States v. Wearing,* 865 F.3d 553, 556-57 (7th Cir. 2017), *cert. denied,* No. 17-6470, 2017 WL 4868187 (Dec. 4, 2017). The use of passive voice allows conviction where the defendant, "instead of personally causing the victim to engage in a sex act . . . allowed a client or a codefendant to do so." *Id.* at 556. The statute does not require prospective knowledge (a blatant impossibility), but rather requires the defendant to have a "plan for the victim at the time he recruits her." *Id.; see, United States v. Willoughby*, 742 F.3d 229, 241 (6th Cir. 2014) (concluding that section 1591 offense was complete when defendant left victim at client's home knowing she would be caused to perform a sex act); *Todd,* 627

F.3d at 334 (explaining that section 1591's knowledge element means that, in committing offense, defendant plans to force the victim to engage in a commercial sex transaction). This knowledge requirement does not raise but rather "alleviates vagueness concerns." *McFadden v. United States,* 135 S.Ct. 2298, 2307 (2015) (rejecting argument that drug statute was vague because it required defendant to know that possessed substance was controlled substance analogue). Accordingly, the use of the phrase "knowing . . . the person . . . will be caused" does not render the statute unconstitutionally vague. 18 U.S.C. § 1591(a).

Without citing case authority, Biancofiori contends that the charges are vague because they are drafted conjunctively and fail to provide Biancofiori with proper notice. This argument fails. The Seventh Circuit has consistently applied *Turner v. United States,* 396 U.S. 398, 420 (1970), to reject claims of error based on the use of the conjunctive in charging documents. *See, United States v. Kincaid,* 571 F.3d 648, 656 (7th Cir. 2009) (collecting cases). Biancofiori's argument that conjunctive drafting of the second superseding indictment failed to give him proper notice is more properly addressed in a motion for a bill of particulars than an argument for constitutional vagueness.

The Court addresses Biancofiori's Motion for a Bill of Particulars below.

### 2. The Federal Sex Trafficking Statute Is Not Unconstitutionally Overbroad

#### a. Facial Challenge

Biancofiori invokes the First Amendment overbreadth doctrine, which allows litigants to "challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected rights or expression." *Broadrick,* 413 U.S. 601, 612 (1973). The Supreme Court has described an overbreadth challenge as "limited" and has noted that its force weakens as the regulated behavior at issue "moves from 'pure speech' toward conduct and that conduct—even if expressive—falls within the scope of otherwise valid criminal laws. . . ." *Id.* at 615. "[T]he first step in overbreadth analysis is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." *United States v. Stevens,* 559 U.S. 460, 474 (2010) (quoting *United States v. Williams,* 553 U.S. 285, 293 (2008)). The second step is to determine whether the statute, as construed by the court,

"criminalizes a substantial amount of protected expressive activity." *Williams,* 553 U.S. at 297. "In order to maintain an appropriate balance, [the Supreme Court has] vigorously enforced the requirement that a statute's overbreadth be substantial, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." *Id.* at 292 (citation omitted).

Biancofiori argues that the statute is overbroad because it could potentially apply to adults who are willingly involved in the sex industry, but not involved in trafficking or else could apply to a person who associates with adult women who voluntarily engage in sex work. However, turning to the first step to construe the challenged statute, the statute does not embrace prostitution where no force, threats of force, fraud, or coercive tactics are used. *See,* 18 U.S.C. § 1591(a). Thus, a sex worker does not fall under the embrace of the statute unless they "knowingly" facilitated or benefited from a venture "in reckless disregard of the fact, that means of force, threats of force, fraud, [or] coercion" "will be used to cause the person to engage in a commercial sex act." *Id.* As discussed above, the force requirement prevents the statute from encompassing a range of lesser acts. Due to this requirement, the sex trafficking statute does not criminalize voluntary sex acts between adults or association with women voluntarily engaged in commercial sex.

The defendant in *United States v. McMillian* made a similar argument, claiming that "section 1591 reaches only involuntary prostitution akin to slavery and not 'ordinary' pimping and pandering." *McMillian,* 777 F.3d 444, 447 (7th Cir.), *cert. denied,* No. 14-9547, 135 S. Ct. 2392 (2015). The Seventh Circuit rejected this argument, finding no basis for such a limited interpretation and holding that the defendant's use of fraud alone was enough to establish a violation of section 1591(a), even though the defendant also used force in violation of the statute. *Id.*

Other defendants have argued that section 1591 is so broad that parents, doctors, soup kitchens, or women's shelters working to assist women engaged in sex work could be indicted under section 1591. The district court in *United States v. Thompson,* 141 F.Supp.3d 188, 198–200 (E.D.N.Y. 2015), addressed this argument, holding that the statute's overbreadth was "hypothetical, insubstantial, and unrealistic," and that such an indictment would be inconsistent with the evident text and purpose of the statute. *Id.* at 200. This Court agrees, further finding that any overbreadth is insubstantial compared to the statute's plainly legitimate sweep. *See, Williams,* 553 U.S. at 292.

Finally, Biancofiori suggests that the United States has adopted a faulty approach to its efforts to eradicate sex trafficking by conflating sex work and trafficking. The Court declines the invitation to evaluate Congress's policy positions. *See, SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC,* 137 S.Ct. 954, 967 (2017) ("[A Court] cannot overrule Congress's judgment based on [its] own policy views."). The Court has the "authority to interpret the law; [it] possess[es] neither the expertise nor the prerogative to make policy judgments." *Nat'l Fed'n of Indep. Bus. v. Sebelius,* 567 U.S. 519, 538 (2012). Absent a constitutional barrier, the Court's role is to interpret the statute, not to evaluate the "wisdom, need, or appropriateness of the legislation." *Olsen v. Nebraska ex rel. W. Reference & Bond Ass'n,* 313 U.S. 236, 246 (1941).

In sum, the Court finds that the statute is not unconstitutionally facially overbroad.

### b. As-applied Challenge

Biancofiori's as-applied challenge fails as well. Biancofiori is not charged with associating with women who voluntarily performed sex work. He is charged with facilitating women to engage in commercial sex acts and financially benefitting from that venture, knowing that "means of force, threats of force, fraud, [and] coercion" would be used. 18

U.S.C. § 1591(a). In fact, he allegedly committed physical violence against multiple victims for that purpose. (*See,* Criminal Complaint, ¶¶ 15-16, 31, 38, 46 (May 11, 2016) ECF No. 1.) "Had force, fraud, or coercion not actually been used to cause the victim to engage in a commercial sex act, [Biancofiori] could not have been prosecuted under 18 U.S.C. § 1591." *Todd,* 627 F.3d at 336 (Smith, J., concurring). If Biancofiori's position is that he did not use force himself and that he did not know "that means of force, threats of force, fraud, [or] coercion" "[would] be used" then he may invoke that as a defense, but it does not render the statute overbroad as-applied. 18 U.S.C. § 1591(a).

### 3. *Biancofiori's Right to Intimate Association Is Not Violated by the Federal Sex Trafficking Statute*

Biancofiori argues that his right to intimate association with adult women voluntarily engaged in sex work is violated by section 1591. The Government did not respond to this argument in its response brief.

The right to intimate association "protects against unjustified government interference with an individual's choice to enter into and maintain certain intimate or private relationships." *Boards of Dirs. Int'l v. Rotary Club of Duarte,* 481 U.S. 537, 544 (1987). The relationships protected by the

right to intimate association "presuppose deep attachments and commitments to the necessarily few other individuals with whom ones shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life." *Id.* at 545. The Court need not decide whether the relationships here fall under the protection of this constitutional right. *See, id.* at 545-46.

Assuming *arguendo* that Biancofiori's relationships fall under this right articulated by the Supreme Court, his argument still fails. Section 1591 does not prohibit Biancofiori from associating with women who voluntarily engage in commercial sex acts; it only prohibits him from facilitating or financially benefiting from a venture, knowing "means of force, threats of force, fraud, [or] coercion" will be used to cause a person to engage in commercial sex. 18 U.S.C. § 1591(a). By its own terms, mere association would not meet the elements of section 1591. *See, id.*

In *United States v. Estrada-Tepal,* 57 F.Supp.3d 164, 168 (E.D.N.Y. 2014), the district court addressed a constitutional challenge to section 1591 based on the right to intimate association. The Court denied dismissal, holding that any legal conduct that falls under the statute is insubstantial relative to its legitimate scope and that "[i]nvalidating a law pursuant

to the overbreadth doctrine is 'strong medicine' to be used 'sparingly and only as a last resort.'" *Id.* (quoting *Broadrick,* 413 U.S. at 613). *United States v. Estrada-Tepal* is persuasive. Even assuming that the type of relationships at issue here are protected by the right to intimate association (a generous assumption), the legal conduct that would fall under the statute is insubstantial compared to the legitimate scope of the statute designed to eliminate the "largest manifestation of slavery today." *See,* 22 U.S.C. § 7101, Trafficking Victims Protection Act of 2000, Pub. L. No. 106–386, § 102(b)(1), 114 Stat. 1464 (2000) (codified as amended at 18 U.S.C. § 1589 *et seq.*)

Accordingly, Biancofiori's Motion to Dismiss the indictment is denied.

### B. Biancofiori's Motion for a Bill of Particulars

Biancofiori moves for a bill of particulars, arguing that a bill of particulars is necessary to adequately prepare his defense and to protect him against double jeopardy.

The key question for a bill-of-particulars analysis is "whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation." *United States v. Vaughn,* 722 F.3d 918, 927 (7th Cir. 2013). A bill of particulars is "unnecessary where the indictment sets forth the elements of the charged offenses and provides

sufficient notice of the charges to enable the defendant to prepare his defense." *Id.* (quoting *United States v. Hernandez,* 330 F.3d 964, 975 (7th Cir. 2003)); *see also, United States v. Kendall,* 665 F.2d 126, 135 (7th Cir. 1981) ("[A] defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." (internal quotation marks omitted)).

"[A] bill of particulars is unnecessary if the information the defendant seeks is readily available through alternate means such as discovery." *Vaughn,* 722 F.3d at 927. This is true here. Although the Second Superseding Indictment may lack particulars, the Criminal Complaint and the discovery propounded in this case are more than adequate. The Criminal Complaint specifically states the acts alleged against Biancofiori and provides a general outline of the government's case. For instance, Biancofiori argues that the statute requires force, but neither the indictment nor discovery reveal "what Biancofiori did, exactly when he did it, or where he is alleged to have done it." (Def.'s Mot. to Dismiss at 8.) The Criminal Complaint, however, is quite specific. For example, Biancofiori is alleged to have become "physically aggressive towards Victim A," "threatened her and her family," and "beat Victim A at least once a week on average," including at one point

punching her from behind so her head hit the hotel room door. (*See,* Criminal Complaint, ¶¶ 15-16.) The Criminal Complaint alleges that Biancofiori beat Victim A, Victim C, Victim D, and Victim E at various times with an adequate amount of specificity. (*Id.*, ¶¶ 16, 31, 38, 46.)

Additionally, since the filing of Biancofiori's Motion for a Bill of Particulars, the Government has produced a voluminous amount of discovery, including various witness statements. On November 17, 2017, the Government produced eleven disks containing fifty reports of interviews and grand jury testimony and further produced additional materials on December 7, 2017 including statements and testimony from three additional witnesses. (Def.'s Mot. to Con. Trial at 1-2 (Dec. 12, 2017) ECF No. 121.) Given the specificity of the Criminal Complaint and the substantial discovery provided by the Government since the Motion for a Bill of Particulars was filed, the Court finds that Biancofiori has sufficient information to prepare a defense adequately and protect against double jeopardy. *See, United States v. Canino,* 949 F.2d 928, 949 (7th Cir. 1991) ("[A] bill of particulars is not required when information necessary for a defendant's defense can be obtained through some other satisfactory form." (internal quotations omitted)).

Accordingly, the Court denies Biancofiori's Motion for a Bill of Particulars.

### III. CONCLUSION

For the reasons stated herein, Biancofiori's Motion to Dismiss [ECF No. 110], and Motion for a Bill of Particulars [ECF No. 105] are denied.

**IT IS SO ORDERED.**

                                                Harry D. Leinenweber, Judge
                                                United States District Court

Dated: 1/11/18