UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | No. 16 CR 306-1 |
| | ) | |
| BENJAMIN BIANCOFIORI, a/k/a "Beanz" | ) | Judge Leinenweber |
| | ) | |
| | ) | |

## GOVERNMENT'S MOTION IN LIMINE TO ADMIT BUSINESS RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 803(6) AND 902(11)

The UNITED STATES OF AMERICA, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits this motion in limine to admit business records pursuant to Federal Rules of Evidence 803(6) and 902(11).

Under Federal Rule of Evidence 902(11), certified copies of domestic business records are self-authenticating if the party offering the records provides the adverse party written notice and allows the adverse party to inspect the exhibit and certification, allowing the party to challenge the authenticity of the records.[1] Under Federal Rule of Evidence 803(6), the records are an exception to the hearsay rule if following conditions exist:

> (A) the records were made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

[1] This motion constitutes written notice to both defendants that the government intends to rely on business records certifications for the identified records.

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness.

The Seventh Circuit has consistently upheld the admission of business records through business records certifications, pursuant to Rules 803(6) and 902(11). *See, e.g., United States v. Green*, 648 F.3d 569, 580-81 (7th Cir. 2011); *United States v. Klinzing*, 315 F.3d 803, 809-10 (7th Cir. 2003) (holding that admission of pre-certified business records under Rules 803(6) and 901(11) does not violate the Confrontation Clause because the records have "sufficient guarantees of reliability"); (*United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006) (Seventh Circuit upheld the admissibility records through the use of Rule 902(11) certifications in light of *Crawford*).

The government moves the Court to find, pursuant to Federal Rule of Evidence 104, that the records at issue are authentic business records within the meaning of Federal Rule of Evidence 803(6). Rule 104 authorizes the Court to determine in advance of trial "[p]reliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence." This rule applies to all preliminary determinations, including the question of whether documents fall within the "business records exception" to the hearsay rule. *See United States v. Kasvin*, 757 F.2d 887, 893 (7th Cir. 1985) (affirming trial court's

preliminary determination pursuant to Rule 104 that business records were admissible pursuant to Rule 803(6)).

The government intends to introduce a variety of business records through certifications, including subscriber detail records received from phone companies, records received from Backpage.com, subscriber detail records received from Comcast, records received from Facebook and Instagram, records received from hospitals, records of calls made from jail facilities, and records related to an email sent by the defendant while in custody. Attachment A is a chart of businesses records for which the government intends to rely on business records certifications under Rules 803(6) and 902(11), along with copies of each of the business record certifications identified in the chart. [2] The chart in Attachment A also identifies the business records that are associated with each certification. The underlying business records have all previously been produced to the defendant in discovery, and Attachment A identifies for the defense which disc produced in discovery contained the underling business records.[3]

---

[2] The government will provide defendants with any additional certification as they are received, and the Seventh Circuit has allowed notice to be provided only days before trial. *See United States v. Bledsoe*, 70 Fed. Appx. 370, 373 (7th Cir. 2003) (Seventh Circuit upheld the admission of business records pursuant to 902(11) certifications even though the government gave defendant notice of its intent to use the certification only four days prior to trial). This includes the certifications related to the jail calls and email.

[3] The government recently received a small batch of records from Backpage.com, which may have been previously produced to the defense, but which the government will produce in a supplemental production to the defendant.

The government intends to introduce selected portions of the business records identified in the chart at trial. Additionally, the government may supplement this notice as additional business records certifications are received from business records' custodians. Admission of these documents through 902(11) certification will save the parties, the Court, and the jury members significant time and resources, as the certifications will obviate the need for live witness testimony from several witnesses.[4]

Because the business records from the entities listed in Attachment A, and their accompanying certifications, fall under Federal Rules of Evidence 902(11) and 803(6), the government respectfully requests that this Court find, under Rule 104, that the identified business records fall within the "business records exception" to the hearsay rule.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: *<u>/s/Abigail L. Peluso</u>*
ABIGAIL L. PELUSO
ERIKA L. CSICSILA
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300
erika.csicsila@usdoj.gov

---

[4] The government may decide to call witnesses from one or more of the identified businesses if the witness has additional information, beyond certification of the business records, that would be helpful to the jury's understanding of the records.