UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ) <br> ) <br> v. ) <br> ) <br> BENJAMIN BIANCOFIORI, ) <br> a/k/a "Beanz" ) <br> ) | No. 16 CR 306-1 <br><br> Judge Leinenweber |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S SECOND *MOTION IN LIMINE***

The defendant seeks to cross-examine witnesses regarding their sexual activities, including: activities that are not grounded in the evidence; encounters that occurred before or after they were trafficked by the defendant; and activities that are not relevant to the discrete issue of whether the defendant caused the victims to engage in commercial sex acts by means of force, threats of force, fraud, or coercion. Because the lines of questioning proposed by the defendant would violate Federal Rules of Evidence 412(b) and 403, the motion should be denied.

**Argument**

**I.   The Defense Should Be Precluded From Suggesting That Victims Engaged In Consensual, Violent Sexual Conduct.**

During trial, the government expects that the victims will testify about times that the defendant beat them, as well as beatings of other victims they witnessed. The defendant admitted that he used violence against women in the book that he wrote, and the defendant bragged to his friends about his use of violence in numerous text messages.

In an effort to deflect attention from the evidence, defense counsel suggests that she should be able to cross-examine the victims regarding "consensual sado-masochistic sexual activities that can result in bruising or other injuries." Dkt. 146 at 3. There is no good-faith basis for this line of questioning. The government anticipates offering into evidence photographs that show injuries sustained by Victim B and Victim E. Victims B and E will testify that the defendant beat them or ordered them to be beaten, which caused their injuries. Defense counsel is free to cross examine Victim B and Victim E regarding the veracity of their testimony, and she can question the victims regarding whether they are being honest about the nature of their injuries. But the defense is not free to suggest alternative theories for the injuries when those theories have no basis in fact. *See United States v. Elizondo*, 920 F.2d 1308, 1313 (7th Cir. 1990) ("[I]t is improper conduct for [a party] to ask a question which implies a factual predicate which the examiner knows he cannot support by evidence" (internal marks omitted)); *United States v. Lowe*, 96 F. App'x 23, 25–26 (2d Cir. 2004) (affirming limits placed by district court on cross examination where examiner "had no good faith basis to believe his theory had any evidentiary support").

Further, this line of questioning should be barred because it appears to be geared towards trying to embarrass or slander the victims. It creates a significant risk of unfair prejudice, which outweighs any probative value, and therefore this line of questioning should be prohibited under Federal Rule of Evidence 403. *United States v. Clark*, 657 F.3d 578, 583-84 (7th Cir. 2011) (courts have "wide latitude . . .

to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.").

## II. The Defense Should Be Precluded From Questioning Witnesses or Victims Regarding Consensual Sexual Activity.

As the government explained in its Consolidated Motions *In Limine* (Dkt. 123), defense counsel should not be allowed to question witnesses regarding consensual sexual activities, including the victims' sexual relationship with the defendant. The government does intend to elicit testimony from some of the victims that they were in a romantic relationship with the defendant, which the defendant used to exploit the victims. But the government does not intend to have the victims detail their sexual history with the defendant (or anyone else), and it requests that this Court bar such a line of inquiry under to Federal Rules of Evidence 412 and 403.

First, as discussed further in the government's earlier filing, defense counsel should not be allowed to question witnesses regarding consensual sexual activity pursuant to Federal Rule of Evidence 412. This rule clearly states that "evidence offered to prove that a victim engaged in other sexual behavior" is prohibited. This includes sexual behavior that involved the defendant but is not part of the charged conduct. The fact that the victims had sex with the defendant, in addition to maintaining a romantic relationship with the defendant, does not make it any more or less likely that they were forced, coerced, or defrauded by the defendant. The same is true of their sexual relationship, if any, with people other than the defendant.

3

Second, the evidence should be precluded under Federal Rule of Evidence 403. The defendant seeks to introduce evidence that some of the victims had a sexual relationship with him or with co-defendants Marcus Willis or Nathan Perez. The defendant may cross examine witnesses regarding any potential bias. For example, the defendant suggests that the witnesses were jealous and that he should be entitled to cross examine witnesses regarding their "jealousy, rage, envy, scorn, and other emotions that provided a reason for bias and motives for testifying against Mr. Biancofiori." Dkt. 146 at 3. The government agrees. The defendant should be able to cross examine the witnesses regarding their feelings for the defendant, their relationship with the defendant, and their purported jealousy regarding the defendant's relationship with other witnesses. But there is no reason that these questions must include reference to the witness's *sexual* relationship with the defendant or anyone else. *See Carson*, 870 F.3d at 59 ("However, once a trial court permits a defendant to expose a witness's motivation, it is of peripheral concern to the Sixth Amendment how much opportunity defense counsel gets to hammer that point home to the jury." (quoting *United States v. Recendiz*, 557 F.3d 511, 530 (7th Cir. 2009)); *see also id.* ("the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." (emphasis in original)).

III. **Defense Should Be Precluded From Questioning The Victims About Previous Or Subsequent Acts Of Prostitution.**

As the government stated in its Consolidated Motions *In Limine*, the defense should be precluded from questioning witnesses regarding any acts of prostitution

4

that predate their relationship with the defendant and any acts of prostitution that the witnesses engaged in after their relationship with the defendant ended. Dkt. 123 at 8-18. This evidence should be precluded pursuant to Federal Rules of Evidence 401, 403, and 412.

With regard to Victim A, the defense seeks to question her regarding whether she recruited the defendant to engage in commercial sex acts or whether the defendant recruited her to engage in commercial sex acts. The defense can question Victim A regarding whether she suggested to the defendant that they engage in acts of prostitution. But the defense cannot suggest that Victim A previously engaged in acts of prostitution. This line of questioning runs afoul of Rules 401, 403, and 412. Rule 412 prohibits questioning regarding previous acts of prostitution because it is prohibited to suggest that a victim's previous sexual history predisposed her to be trafficked by means of force, threats of force, fraud, or coercion. Further, whether Victim A volunteered to prostitute on her own is irrelevant to the inquiry of whether, at a different time, the defendant forced her, tricked her, or coerced her to engage in acts of prostitution for his benefit.

With regard to Victim E, the defendant suggests that he should be allowed to question her regarding her previous work as an "escort" because it shows her "familiarity with the commercial sex industry." For the same reasons outlined above, this line of questioning is prohibited and irrelevant. It does not matter whether Victim E was familiar with the commercial sex industry before she was recruited by the defendant. The inquiry is whether the defendant forced her, threatened her,

5

tricked her, lied to her, manipulated her, or coerced her to cause her to engage in commercial sex acts. And, whether Victim E voluntarily prostituted before she met the defendant is irrelevant to that inquiry. Further, Victim E began working for the defendant when she was 19-years old, and questioning her regarding her previous sexual conduct runs the risk of exposing her juvenile sexual history, which should be prohibited as it will likely confuse the jury and introduce issues that could prejudice the defendant.

Lastly, with regard to Victim G, the defendant seeks to question her regarding her involvement in a previous sex trafficking case. Victim G was a victim in a separate, federal sex trafficking investigation, *United States v. Iroegbulem*, 15 CR 52 (J. Durkin). In that case, the defendant pled guilty to sex trafficking Victim G when she was a minor. There is absolutely no reason that the jury in this case needs to know that Victim G was victimized by someone else when she was a minor. This evidence not only violates Rule 412, but it creates a substantial risk of prejudice and confusion. Accordingly, this line of questioning should be prohibited.

### IV.    Other Bad Act Evidence Should Be Prohibited

The defendant seeks to question Victim E regarding her previous contact with prostitution clients. Victim E stated that she disliked engaging in acts of prostitution, so to avoid having to actually have sex with a client she drugged the clients so that they passed out, and she left with the client's money. This line of questioning not only violates Federal Rule of Evidence 412 and 403 (as it relates to Victim E's irrelevant, previous sexual behavior), but it also violates Federal Rule of Evidence

6

404(b). The defendant seeks to elicit this testimony to purportedly show that Victim E is wily, that she takes "advantage of her customers," and that she previously used "deceit and violence" with regard to her previous clients. This evidence is being offered simply to impugn Victim E's character, it does not relate to her credibility (Victim E readily admitted that she engaged in this conduct to avoid having sex with strangers), and it should be precluded.

V. **The Defense Should Be Precluded From Referring to Dancing as Engagement in the "Commercial Sex Industry."**

The government agrees that the defendant should be able to question witnesses, including Victim H and Victim I, regarding their previous work as dancers at a strip club. Nonetheless, the defense should *not* be able to suggest or argue that these women were "working in the commercial sex industry." Dkt. 146 at 6. This creates a risk of prejudice and confusion as the jury could believe that the witnesses previously worked as prostitutes (information which would be precluded for all the reasons discussed in the government's previous filing and above).

    Respectfully submitted,

    JOHN R. LAUSCH, JR.
    United States Attorney

    By: */s/Abigail L. Peluso*
        ABIGAIL L. PELUSO
        ERIKA L. CSICSILA
        Assistant United States Attorneys
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5300
        abigail.peluso@usdoj.gov